**Clemente P. VILLARREAL, Petitioner-
Appellant,**

v.

**Dr. George J. BETO, Respondent-
Appellee.**

**No. 71–1617**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Aug. 13, 1971.

Clemente P. Villarreal, pro se.

Crawford C. Martin, Atty. Gen., of Texas, Max P. Flusche, Jr., Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before COLEMAN, SIMPSON, and MORGAN, Circuit Judges.

PER CURIAM:

This is an appeal *in forma pauperis*, on a certificate of probable cause grant-

---

* [1] Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Ctizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

ed by the District Court, from a denial of the writ of habeas corpus to a prisoner attacking his state court conviction.

The grounds alleged in the petition filed in the court below were as follows:

1. He is entitled to credit on his sentence for time spent on parole.

2. His guilty plea was induced by coerced confession.

3. He was incompetent at his trial due to physical abuse of arresting officers.

4. His trial counsel was ineffective because counsel refused to represent him unless he pled guilty and because counsel failed to raise the competency issue.

5. No evidence was presented to the jury.

6. The trial record is inadequate.

7. The trial judge told the jury that it had no function.

8. The trial judge related his account of the crime to the jury.

We make note of these asserted grounds for the benefit of the record, especially as to any habeas corpus petitions which might hereafter be filed in this case.

The District Court examined the record of the state habeas corpus hearing and found it to be full, fair, and complete.

The District Court further found, on the basis of this record, that the appellant had not shown himself to be entitled to any relief. There had been an evidentiary hearing in the state court.

We agree with the District Court and its Judgment is

Affirmed.